UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES HENDRIX,

      Plaintiff,

v.                                                          CASE NO. 8:05-cv-1152-T-MAP

JO ANNE B. BARNHART
Commissioner of Social
Security

      Defendant,

_____/

## ORDER

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), the Plaintiff seeks judicial review of

the Commissioner's decision denying his claim for period of disability, disability insurance

benefits, and supplemental security income.  In summary, he argues the Administrative Law

Judge ("ALJ") failed to consider his impairments in combination; failed to apply the pain

standard; improperly rejected his complaints of pain and found his testimony not credible;

improperly rejected the opinions of his physicians regarding his ability to work; and failed to

present a proper hypothetical to the vocational expert.  Having carefully reviewed the record, I

find the Commissioner correctly followed the regulatory scheme and the decision is supported

by substantial evidence.

    *A. Background*

Plaintiff, who was 46 years old at the time of the ALJ's decision, has a high school

equivalency education, and past relevant work experience as a construction worker, tree trimmer,

tractor driver, and equipment operator.  He claims he became disabled due to a back injury,

chronic pain despite back surgery in 1999, and severe depression.  Following an administrative

hearing, the ALJ denied his benefits, and the Appeals Council remanded the case to obtain

current evidence, further consideration of Plaintiff's maximum residual functional capacity, any

further action needed to complete the record, and if needed, a vocational expert to clarify the

effect of Plaintiff's limitations on the occupational base.  After a supplemental hearing, including

testimony by a VE, the ALJ issued an unfavorable decision.  Consequently, the Plaintiff pursued

and exhausted his administrative remedies and applied to this Court for consideration under 42

U.S.C.  §§ 405(g) and 1383(c)(3).

### A.  Standard of Review

The Social Security Administration, in order to regularize the adjudicative process,

promulgated the detailed regulations that are currently in effect.  These regulations establish a

"sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§

404.1520; 416.920.  If an individual is found disabled at any point in the sequential review,

further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a); 416.920(a).  Under this process, the

Secretary must determine, in sequence, the following:  whether the claimant is currently engaged

in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that

significantly limits the ability to perform work-related functions; whether the severe impairment

meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the

claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks

required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant

can do other work in the national economy in view of her age, education, and work experience.

A claimant is entitled to benefits only if unable to perform other work.  See *Bowen v. Yuckert*,

482 U.S. 137 (1987); 20 CFR §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this court must ask if substantial evidence supports

them.  *Richardson v. Perales*, 402 U.S. 389 (1971).  The ALJ's factual findings are conclusive if

"substantial evidence" consisting of "relevant evidence as a reasonable person would accept as

adequate to support a conclusion" exists.  See 42 U.S.C. § 405(g); *Keeton v. Department of*

*Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994).  The court may not reweigh the

evidence nor substitute its own judgment for that of the ALJ even if it finds that the evidence

preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th

Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court

sufficient reasoning for determining that he has conducted the proper legal analysis, mandates

reversal.  *Keeton*, supra, at p. 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand

for clarification).

> C.  *Discussion*

>> *1. Impairments in combination*

Plaintiff claims the ALJ failed to consider the combined effects of all of his impairments.

After reviewing the medical evidence and ALJ's decision, however, I find that the ALJ carefully

considered the Plaintiff's impairments and subjective complaints in reaching his conclusion that

he is not disabled.  His determination that Plaintiff can perform a wide range of sedentary to light

work is supported by substantial evidence.

The ALJ found that the medical evidence regarding Plaintiff's back pain, depression, and

exertional limitations did not establish the necessary severity for a finding of disability.  Further,

the ALJ considered the Plaintiff's subjective complaints but found that the medical evidence did

not support the severity of Plaintiff's complaints.  However, the ALJ concluded that the

objective medical evidence established that Plaintiff must be allowed to alternate between sitting

and standing, should only occasionally bend, stoop, crouch, and should avoid prolonged

standing.  Although two of the examining doctors (Ortolani and Benezette) opined Plaintiff is

incapable of work, the ALJ rejected their conclusions as they were unsupported by the objective

medical evidence.    As to Plaintiff's depression, the ALJ concurred with Dr. Carter who found

that Plaintiff's functional limitations arose from his significant substance abuse disorder and not

his depression.  Hence, he determined that Plaintiff's depression was non-severe in nature.

Although the ALJ found Plaintiff had an impairment or a combination of impairments

considered "severe," he concluded Plaintiff's impairment or combination of impairments did not

meet or equal any of the Listings.  I find his decision supported by substantial evidence.

### 2.  *Pain standard and Plaintiff's subjective complaints*

Plaintiff asserts the ALJ erred by failing to state a reasonable basis for rejecting his

testimony concerning his need to lay down during the day, difficulty sleeping, and how his pain

and discomfort were dealt with.  As the Commissioner noted, the ALJ gave considerable thought

to Plaintiff's subjective complaints.  The ALJ addressed the Plaintiff's complaints at length

before concluding they were unsupported by the objective medical evidence.

Under the Eleventh Circuit's three-part "pain standard," the Plaintiff must show: (1)

evidence of an underlying medical condition and either (2) objective medical evidence that

confirms the severity of the alleged pain arising from that condition or (3) that the objectively

determined medical condition is of such a severity that it can be reasonably expected to give rise

to the alleged pain.  *Foote v. Chater,* 67 F.3d 1553, 1560-61 (11th Cir. 1995); *Landry v. Heckler*,

782 F.2d 1551, 1553 (11th Cir. 1986).  Indeed, in certain instances, pain alone can be disabling

even if unsupported by objective evidence.  *Foote* at 1561.   Although the ALJ does not

specifically cite the three-part test, I find the ALJ properly applied the pain standard in

concluding the Plaintiff's objective medical evidence and testimony was inconsistent with the

severity of symptoms complained of or that could be reasonably expected from the Plaintiff's

impairments (R. 25).  *See Davis v. Barnhart*, 153 Fed.Appx. 569 (11th Cir. 2005) (despite fact

that ALJ failed to explicitly articulate pain standard, his decision shows he applied it); *Wilson v.*

*Barnhart*, 284 F.3d 1219 (11th Cir. 2002) (ALJ properly applied the Eleventh Circuit's pain

standard even though he did not cite or refer to the three-part test).

### *3.  Physicians' opinions*

Plaintiff purports the ALJ erred by rejecting the opinions of Drs. Ortolani and Benezette.

Neither of these physicians were treating physicians.  Both examined Plaintiff on only one

occasion.  The ALJ rejected Dr. Benezette's opinion as it was unsupported even by the doctor's

own findings as well as those of other examining and treating physicians.  At the same time Dr.

Benezette opined Plaintiff was unable to work, another state agency physician (Stone) concluded

Plaintiff was capable of a wide range of light work (R. 571-577).  The ALJ found Dr. Ortolani's

opinion unsupported by medical evidence and conflicting with treating physician Zemankiewicz

and consultative examiner ZeBranek.  Opinions on some issues, such as whether a claimant is

disabled are not medical opinions and are reserved for the Commissioner because they are

administrative findings dispositive of a case.  20C.F.R. §§ 404.1527(d), 416.927(d).

Accordingly, I find the ALJ did not err in rejecting the opinions of Drs. Ortolani and Benezette.

#### 4. *VE's hypothetical*

The Plaintiff contends the ALJ erred in failing to include all of Plaintiff's impairments, both physical and mental, in the hypothetical posed to the VE. Specifically, Plaintiff states his pain, fatigue, and difficulties in concentrating should have been included in the questions.

The ALJ's hypothetical posed to a vocational expert must comprehensively describe the plaintiff's limitations. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). Of course, the ALJ is not required to include limitations found not credible, and submits to the expert only those supported by objective evidence of record. *See Allen v. Barnhart*, 174 Fed.Appx. 497 (11th Cir. 2006) citing *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1161 (11th Cir. 2004) (ALJ is not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported). Here, the VE included Plaintiff's particular symptoms rather than his mental impairment, as the VE is not qualified to interpret medical evidence. Hence, it was proper for the ALJ to include instead Plaintiff's physical and mental limitations (such as limitation for interacting with the public and concentrating on tasks assigned but capable of performing simple, routine, repetitive tasks) (R. 697). In sum, I find the ALJ's hypothetical posed to the VE was proper.

#### D. Conclusion

For the reasons stated, it is hereby

ORDERED:

1.      The Plaintiff's complaint is dismissed and the Commissioner's decision is

        affirmed.

6

2.      The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED at Tampa, Florida, on September 14, 2006.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE